**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SUSAN LUNDON CAMACHO** | § | |
| | § | |
| **v.** | § | **A-13-CV-1091-LY** |
| | § | |
| **SCHINDLER ELEVATOR CORP.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion for Leave to File Amended Complaint, filed on October 24, 2014 (Dkt. No. 17); Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint, filed on October 27, 2014 (Dkt. No. 19); Defendant's Motion for Summary Judgment, filed on October 24, 2014 (Dkt. No. 18), Plaintiff's Response, filed on November 7, 2014 (Dkt. No. 20); and Defendant's Reply, filed on November 13, 2014 (Dkt. No. 23). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I.   GENERAL BACKGROUND**

On October 18, 2011, Plaintiff Susan Lundon Camacho ("Camacho") was at the Austin Bergstrom International Airport ("ABIA") in order to make a return flight to her home in Burlington, Wisconsin, after visiting her daughter in Austin, Texas. Camacho alleges that while she was on an escalator at ABIA, the escalator jerked and her right shoe got caught in a gap between the escalator step and the escalator wall causing her shoe to be pulled off. Camacho alleges that the incident caused "a serious laceration to Plaintiff's foot." Plaintiff's Original Petition at p. 2. Camacho contends that she informed a security officer of the incident and boarded the plane to fly

home. After arriving in Wisconsin, Camacho alleges that she noticed the laceration on her foot and sought medical treatment for her alleged injury.

Two years later, Camacho filed the instant lawsuit in Texas state court against the manufacturer of the escalator, Schindler Elevator Corporation ("Schindler"), alleging that Schindler negligently maintained[1] the escalator thereby causing her injury. See *Camacho v. Schindler Elevator Corporation, et al.*, No. C-1-CV-13-009531 (Co. Ct. at Law No. 1, Travis County, Tex. Oct. 16, 2013). Specifically, Camacho alleges that Schindler failed to properly maintain the escalator by failing to (1) adequately lubricate the escalator sides with silicon, (2) maintain a small enough gap on the edges of the escalator steps, and (3) install recommended upgrades.

On December 23, 2013, Schindler removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. On October 24, 2014, Schindler filed the instant Motion for Summary Judgment arguing that Camacho has failed to produce any evidence that Schindler breached any duty by failing to maintain the escalator and thus has failed to state a claim for negligence under Texas law.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view

---

[1]ABIA and Schindler had a maintenance agreement under which Schindler was responsible for all repairs and maintenance of the escalators at ABIA. *See* Exhibit 5 to Defendant's MSJ.

all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III.  ANALYSIS

A.     **Schindler's Motion for Summary Judgment**

To establish common law negligence under Texas law, a party must establish (1) a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach of that duty. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).  Schindler does not dispute that it had a legal duty to provide routine maintenance on the escalator.  Rather, it argues that Camacho has failed to come forward with any evidence to show that it breached its duty to properly maintain the escalator.  The Court agrees.

As stated above, Camacho alleges that Schindler was negligent in its maintenance of the escalator by failing to (1) adequately lubricate the escalator sides with silicon, (2) maintain a small enough gap on the edges of the escalator steps, and (3) install recommended upgrades.  However, Camacho has failed to come forward with any evidence to support any of these allegations.  Instead of directing the Court to competent summary judgment evidence showing that Schindler failed to perform any of the above actions, Camacho merely relies on her own conclusory allegations that Schindler failed to perform the above duties.  Mere conclusory allegations are not competent summary judgment evidence and, thus, are insufficient to defeat a motion for summary judgment.  *See Turner*, 476 F.3d at 343.  Camacho merely makes speculative allegations that "a jury could reasonably infer that Defendant failed to adequately lubricate the escalator," since there was no maintenance record produced for the month of September 2011 (one month before the alleged incident giving rise to this lawsuit).  Response at p. 6.  However, the absence of one maintenance record does not demonstrate that Schindler failed to properly lubricate the escalator.  *See Dorsey v. Simon Property Group*, 378 F. App'x 476, 479 (5th Cir. 2010) (holding that doctrine of *res ipsa loquitur* did not apply in negligence case against escalator company since plaintiff's fall on escalator was not the type of accident that could only have happened due to the negligence of the escalator

maintenance company). Unsubstantiated assertions and unsupported speculation are not competent summary judgment evidence. *Turner*, 476 F.3d at 343. In contrast, Schindler has come forward with summary judgment evidence showing that the escalators were properly maintained. For example, Schindler has provided the Court with an affidavit from Michael Shelburne, Schindler's District Manager who was responsible for supervising the maintenance and repair of the escalators at ABIA, who testified that Schindler did in fact maintain and service the escalators at issue in accordance with the Preventative Maintenance Contract with ABIA. See Exh. 3 to Defendant's Reply, Affidavit of Michael Shelburne. Mr. Shelburne also testified that ABIA never contacted Schindler regarding the alleged incident involving Camacho on October 19, 2011.

Perhaps most detrimental to Camacho's negligence claim is the fact that she has failed to designate an expert witness to support her allegations that Schindler negligently maintained the escalator. Because the maintenance and operation of an escalator system involves technical and specialized knowledge, Camacho cannot demonstrate a breach in the standard of care in operating or maintaining an escalator without a qualified expert. "Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman." *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex. 1982). A lay witness, such as Camacho, is not qualified to testify regarding the standard of care in maintaining escalators or whether the gap between the escalator step and skirt was larger than the industry standard. *See Simmons v. Briggs Equip. Trust*, 221 S.W.3d 109, 115 (Tex. App. Houston [1st Dist.] 2006, no pet.) (holding that without expert evidence or testimony, there was no evidence that maintenance company violated the standard of care for the inspection and maintenance of rail-car engine). Without such evidence, Camacho cannot show that Schindler breached any duty of care or whether that breach caused Camacho's alleged injuries. *See Jordan v. Isle of Capri Casinos*, 184 F. App'x 419, 420 (5th Cir. 2006) (affirming dismissal of plaintiff's negligence claim against escalator company where plaintiff offered no evidence that

company breached its duty to maintain the escalator or that any breach proximately caused her injury).

Because Camacho has failed to come forward with competent summary judgment evidence showing that Schindler breached its duty to properly maintain the escalator at issue, Schindler's Motion for Summary Judgment should be granted.

**B.      Plaintiff's Motion for Leave to File Amended Complaint**

Camacho seeks leave to file an Amended Complaint in order to allege another count of negligence, namely that Schindler was negligent in failing to incorporate a skirt panel sensor to stop the escalator in question when objects entered the zone of entrapment between the steps and skirt panel.

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).  A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

Camacho's proposed amendment is futile because like her previous negligence claims, she has failed to come forward with any summary judgment evidence  that Schindler was negligent in failing to incorporate a skirt panel sensor in the escalator at issue.  Again, Camacho only relies on her own conclusory allegations to support her negligence claims.  Accordingly, Camacho's Amended Complaint would also fail to state a claim and thus any amendment would be futile.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Schindler Elevator Company's Motion for Summary Judgment (Dkt. No. 18), and **DENY** Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 17).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of December, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE